United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERIC ALLEN PHILLIPS,

　　　　　Plaintiff,

　　v.

C&K MARKET, INC.,

　　　　　Defendants.

Case No. 25-cv-01868-EMC   (EMC)

**ORDER GRANTING PRELIMINARY CLASS SETTLEMENT APPROVAL**

Docket No. 21

On October 30, 2025, the Court heard Plaintiff Eric Allen Phillips's ("Class Representative" or "Plaintiff") unopposed Motion for Preliminary Approval of Class Action Settlement. The Court, having fully received and considered the Plaintiff's Notice of Motion, supporting Memorandum of Points and Authorities, the Declaration of Kevin Lipeles, the Declaration of Eric Allen Phillips, the Settlement Agreement, the Notice, the objection and opt-out procedure, the supplemental briefing, and the oral argument presented to the Court, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and to conduct a fairness hearing as to the good faith, fairness, adequacy, and reasonableness of any proposed settlement, HEREBY FINDS:

Plaintiff and his counsel filed this class action lawsuit alleging that Defendants C & K Market, Inc. dba Smart Shop and Ray's Food Place ("Defendants") failed to pay overtime wages due to off the clock work, failed to pay minimum wages, failed to provide meal and rest breaks (or pay the statutory compensation due), failed to issue accurate wage statements, failed to pay all wages on termination, failed to reimburse business expenses, failed to pay reporting time pay, unlawfully deducted  wages and failed to pay sick pay. Plaintiff also alleged on a class basis that the foregoing violated California's Unfair Competition Law, Business and Professions Code

§17200, et seq. and triggered penalties under California's Private Attorney Generals Act, Labor Code §§ 2699 et seq. On September 30, 2024, Plaintiff filed his Original Class Action Complaint in the Alameda County Superior Court on behalf of himself and others similarly situated. On February 21, 2025, Defendants removed the Action to the United States District Court for the Northern District of California. On June 20, 2025 Plaintiff filed the First Amended Class Action Complaint ("FAC"), adding a claim for violations of the Private Attorney General Act ("PAGA"), Cal. Lab. Code §§2699, et seq.

After conducting informal discovery and negotiating at arm's-length, Plaintiff and Defendants have arrived at what the Court finds to be a fair and equitable settlement of all claims encompassed by Plaintiff's FAC. For the reasons stated on the record, the proposed settlement fairly reflects the potential value of the claims settled, the litigation risks faced by the plaintiffs, and the results obtained by the settlement.  Dkt. No. 32. Plaintiff and Defendants have agreed to the entry of a Class Representative Action Settlement Agreement and Release ("Agreement"), attached as Exhibit 1 to the Declaration of Kevin Lipeles, filed in support of the Motion for Preliminary Approval. Dkt. No. 21-1.

Defendants continue to deny all allegations contained in Plaintiff's FAC. Defendants have contended that they at all times had in place lawful wage and hour policies and procedures. Plaintiff has moved this Court to (1) provisionally certify a settlement class; 2) preliminarily approve the Agreement; (3) direct distribution to the class of a proposed Notice; and (4) set a hearing date for final approval of the settlement. Defendants do not oppose Plaintiff's motion for purposes of settlement but reserve all rights and defenses with respect to the litigation.

## **ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL**

The Court finds that under Federal Rules of Civil Procedure, Rule 23(b)(3), and related case law, provisional certification of the following class is appropriate for settlement purposes: "All current and former employees who were hourly paid employees of Defendants and worked for Defendants in California at any time during the period from September 30, 2020 to August 10, 2025." The Court finds that the Settlement Class meets the numerosity requirement of Rule

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23(a)(1) because it consists of approximately 1,094 Class Members who have been identified through Defendants' records.

The Court finds that the commonality requirement of Rule 23(a)(2) is also met because there are issues of law and fact common to the Class, such as whether Defendants' paid overtime, minimum wages, afforded complainant meal/rest breaks, issued accurate wage statements, paid all wages owed on termination of employment, reimbursed business expenses, paid reporting time pay, paid sick pay and unlawfully deducted wages. The representations and evidence provided by the parties in supplemental briefing and at the Preliminary Approval Hearing is sufficient to show a common practice at this stage. Dkt. No. 25, 29, 32.  In the absence of class certification and settlement, each individual Class Member would be forced to litigate the same core common issues of law and fact. Because Plaintiff's and the Participating Class Members' claims all arise from the same events and course of conduct, and are based on the same legal theories, the typicality requirement of Rule 23(a)(3) is also satisfied. The adequacy of representation requirement set forth in Rule 23(a)(4) is also met here because the Class Representative has the same interests as all members of the Settlement Class, and they are represented by experienced and competent counsel.

Pursuant to Rule 23(b)(3), and based on the supplemental briefing and information provided at the Preliminary Approval Hearing, the Court further finds that common issues predominate over individual issues in the litigation. Dkt. No. 25, 29, 32.  The Court also finds that class treatment is superior to other means of resolving the instant dispute. Employing the class device here will not only achieve economies of scale for Class Members with relatively small individual claims, but will also conserve the resources of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent the inconsistent adjudications of similar issues and claims.

The Court finds that the Class Representative Eric Allen Phillips is an adequate class representative and appoints him as such. Pursuant to Federal Rules of Civil Procedure Rule 23(g), the Court finds that Plaintiff's Counsel, Kevin Lipeles (Lipeles Law Group, APC), has adequately represented the Settlement Class and is adequate Class Counsel. Specifically, he has sufficiently identified and investigated the potential claims in this matter; has presented evidence to the Court

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

of his experience in handling other wage and hour class actions; has demonstrated knowledge of the applicable law; and has allocated sufficient resources to represent the class. Accordingly, pursuant to Rule 23(g)(1), Kevin Lipeles, Esq. of Lipeles Law Group, APC, is hereby appointed as Class Counsel.

## **PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

The Court has reviewed the Agreement and the proposed Notice of Settlement (long form), which is attached as exhibit A to the Agreement (the Agreement is attached as Exhibit 1 to the Declaration of Kevin Lipeles). The Court has also reviewed the short form class notice at Dkt. No. 35.

The Court finds, on a preliminary basis, that the Agreement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. The Court also finds, on a preliminary basis, that the Agreement appears to be the product of non-collusive, arm's-length negotiations between counsel, and is thus presumptively valid. It appears to the Court on a preliminary basis that the total settlement amount of $750,000 ("Total Settlement Amount" or "TSA") is fair and reasonable to all Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. It further appears that investigation and research have been conducted such that the Parties' counsel are able to reasonably evaluate their respective positions at this time. Specifically, the Parties exchanged informal discovery that included hard data showing that Defendants had a more than 90% meal break compliance rate, as well as ten sworn declarations from a cross-section of employees regarding the meal break, rest break, off-the-clock, and reimbursement claims. Dkt. No. 32. This discovery, which supports Defendants' claims of high compliance, justifies the proportionately low settlement amount relative to the total value of the claims initially asserted. The Court also recognizes settlement will avoid additional substantial costs beyond those which have already been incurred by both Parties, as well the delay and risks that would be presented by further litigation.

For the reasons set forth herein, the Court therefore preliminarily and conditionally approves the Settlement including payment of settlement administration costs up to $14,500 from

4

1   the TSA. The Court does not at this time approve the proposed Class Representative Enhancement

2   Award for Plaintiff Eric Allen Phillips in the amount of $20,000 or the proposed attorneys' fees of

3   35% ($262,500) of the TSA, and $13,500 in costs.  Those matters will be determined at the time

4   of the hearing on final approval.  The Court observes for now that the requested fees as a

5   percentage of the settlement fund exceed the typical benchmark of 25% established as reasonable

6   in this Circuit. *See e.g. In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir.

7   2011). Pursuant to Rule 23(g)(4) and Rule 54(d)(2), Plaintiff's counsel may file a Motion for

8   Approval of their attorneys' fees and costs in connection with and to be heard at the same time as

9   the Final Fairness Hearing regarding the settlement.

## APPROVAL OF DISTRIBUTION OF THE CLASS NOTICE

This Court finds that the Notice (long form) (attached as Exhibit A to the Agreement) and

the short form Class Notice (Dkt. No. 35) fairly and adequately advise Class Members of the

terms of the proposed settlement, the formula that will be used to compute their pro rata allocation

of the settlement, and their opportunity to appear at the Fairness Hearing to be conducted on the

date set forth below, **subject to one revision**.  Plaintiff shall bold the $750,000 figure that appears

on the front of the short form notice and bold the sentence "The average estimated amount per

class member is $372.00" that appears on the back. The Court further finds that the Notices and

proposed distribution of such notices by first class mail to each identified Class Member at his or

her last known address and by email (which provides for electronic opt-out) comports with all

constitutional requirements, including those of due process and Fed. R. Civ. P. 23(c)(2)(B), and is

the best notice practicable under the circumstances. The Court confirms the selection of Phoenix

Class Action Administration Solutions as the Settlement Administrator and the reasonable

administration costs of no more than $14,500 which will be paid from the TSA. Accordingly,

good cause appearing, the Court hereby approves the proposed Notice. Furthermore, the Court

hereby approves and adopts the following settlement approval schedule:

| Within 7 calendar days of the Effective Date of the Settlement | Deadline for Defendants to forward the Total Settlement Amount to the Settlement Administrator. Stip. at ¶56. |
|---|---|
| No later than 21 calendar days after the entry | Deadline for Defendants to provide Settlement |

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

| | |
|---|---|
| of the Preliminary Approval Order | Class Members' Class Information containing the last-known addresses, etc. of Class members to the Settlement Administrator. Stip. at 53. |
| Within 10 calendar days after the Settlement Administrator receives the Class Information | Settlement Administrator shall mail (and email) Class Members' Notice. Stip. at ¶53(a). |
| 3 business days after receipt of notice that the Notice of Class Action Settlement was undeliverable | Settlement Administrator to re-mail (and email) Notice of Class Action Settlement. Stip. ¶53(b). |
| 20 calendar days from the date of remailing or original Response Deadline | New Response Deadline to the Notice of Class Action Settlement for those receiving re-mailed Notices of the Class Action Settlement. Stip. ¶53(b). |
| No later than 45 calendar days from date on which the Notice is mailed by the Settlement Administrator | Deadline for Settlement Class Members to Request for Exclusion. Stip. at ¶ 38. |
| No later than 45 calendar days after mailing of Notice by the Settlement Administrator | Deadline for Settlement Class Members' objections to the Settlement to be sent to the Settlement Administrator. Stip. at ¶ 38. |
| No later than 7 calendar days after the Response Deadline | Settlement Administrator shall provide Counsel for the Parties with a list of the names of members of the Class who submitted timely and valid Requests for Exclusion. Stip. at ¶53(e)(5). |
| Response Deadline | The date forty-five (45) calendar days after the Settlement Administrator mails the Notice of Class Action Settlement to Class Members, which is the last date on which Class Members may: (a) submit a Request for Exclusion; (b) submit objections to the Class Settlement; or (c) dispute the information contained in the Notice of Class Action Settlement regarding the number of Eligible Workweeks to be credited to the Class Members. Stip. at ¶38. |
| 7 calendar days after the Effective Date | Settlement Administrator shall send to Defendants' Counsel the electronic wiring instructions for the Settlement Amount. Stip. at ¶56. |
| 20 calendar days after the Effective Date | Defendants shall fund the QSF. Stip. at ¶56. |
| Within 15 calendar days after Defendants fully fund the Settlement | Settlement Administrator shall make payment of the Individual PAGA Payments. Stip. at ¶59(b). |
| 15 calendar days after Defendants fund the QSF | Settlement Administrator shall mail the LWDA PAGA Payment to the LWDA. Stip. at ¶59(b). |
| Within 15 calendar days after Defendants fully fund the Settlement | Settlement Administrator shall distribute Class Counsel's fees and costs. Stip. at ¶61(a). |
| Within 15 calendar days after Defendants fully fund the Settlement | Settlement Administrator shall be paid its Settlement Administration Costs. ¶65. |

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FINAL APPROVAL AND FAIRNESS HEARING

The Court hereby grants the Plaintiff's motion to set a fairness hearing for final approval of the Settlement Agreement on March 19, 2026 at 1:30 p.m. in Courtroom 5 of this Court. Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Members of the Settlement Class who object to the proposed settlement may appear and present such objections at the Fairness Hearing in person or by counsel, provided that any objecting Settlement Class Members submit a written statement containing the name and address of the objecting Settlement Class Member and the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be postmarked no later than 45 days from the date on which the Notices are sent out by the Settlement Administrator. No person shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown. Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement no later than 21days before the Final Approval Hearing

   **IT IS SO ORDERED**.


Dated: 12/2/2025

   _____
   EDWARD M. CHEN
   United States District Judge

7